FILED

2014 JUL 15 PM 1:51

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIF.
SANTA ANA

BY _____

1   GREGORY M. SAYLIN (SBN 185328)
    saylin.gregory@dorsey.com
2   DORSEY & WHITNEY LLP
    Kearns Building
3   136 South Main Street, Suite 1000
    Salt Lake City, UT 84101
4   Telephone: (801) 933-7360
    Facsimile: (801) 933-7373
5
    KATHERINE J. SANTON (SBN 265600)
6   santon.kate@dorsey.com
    DORSEY & WHITNEY LLP
7   600 Anton Boulevard, Suite 2000
    Costa Mesa, CA 92626
8   Telephone: (714) 800-1400
    Facsimile: (714) 800-1499
9
    Attorneys for Defendant WASATCH FUNDS TRUST

BY FAX

10

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13                    WESTERN DIVISION

14

15                                      )   Case No.:  **CV14-05497 BRO (JPRx)**
    RAYMOND JALLOW, an individual,      )
16                                      )   [Originally filed by Plaintiff as Los
                                        )   Angeles County Superior Court Case
17              Plaintiff,             )   No. BC527774, and assigned to The
                                        )   Honorable Maureen Duffy-Lewis in
18         v.                          )   Dept. 38]
                                        )
19   ALPS DISTRIBUTORS, INC., a        )
    corporation; WASATCH FUNDS, a Utah )
20   entity of form unknown; and DOES 1 )   **NOTICE OF REMOVAL**
    through 10, inclusive,              )   **PURSUANT TO 28 U.S.C.**
21                                      )   **SECTIONS 1332 AND 1441(b)**
              Defendants.              )   **(DIVERSITY)**
22                                      )
                                        )   [Filed concurrently with Certificate of
23                                      )   Interested Parties and Declaration of
                                        )   Russell Biles]
24                                      )
                                        )   Action Filed: November 14, 2013
25                                      )   Trial Date:   None Set

26   _____

27

28
                              -1-

1     TO THE CLERK OF THE ABOVE ENTITLED COURT:

2     PLEASE TAKE NOTICE THAT Defendant Wasatch Funds Trust (incorrectly

3     sued herein as "Wasatch Funds") (hereinafter referred to as "Wasatch"), by and through

4     its undersigned attorneys, hereby removes to the United States District Court for the

5     Central District of California (Western Division) the state court action described below.

6     In support of this Notice of Removal, Wasatch states the following:

7         1.     On November 14, 2013, Plaintiff Raymond Jallow ("Plaintiff" or "Jallow")

8     commenced a civil action in the Superior Court of the State of California in and for the

9     County of Los Angeles against Defendants ALPS Distributors, Inc. ("ALPS

10    Distributors") and Defendant Wasatch Funds ("Wasatch") (collectively "Defendants"),

11    entitled *RAYMOND JALLOW, an individual vs. ALPS DISTRIBUTORS, INC., a*

12    *corporation; WASATCH FUNDS, a Utah entity of form unknown; and DOES 1 through*

13    *10, inclusive*, Case No. BC527774 (hereinafter, the "State Court Action").  A true and

14    correct copy of the issued Summons, as-filed Complaint, Notice of Case Assignment,

15    Instructions for Handling Unlimited Civil Cases, Voluntary Efficient Litigation

16    Stipulations, and Civil Case Cover Sheet filed in the State Court Action are attached

17    hereto as Exhibit A.

18        2.     Plaintiff attempted to serve Wasatch via mail service on May 5, 2014.

19    Section 415.40 of the California Code of Civil Procedure provides: "A summons may be

20    served on a person outside this state in any manner provided by this article or by sending

21    a copy of the summons and of the complaint to the person to be served by first-class

22    mail, postage prepaid, requiring a return receipt. Service of a summons by this form of

23    mail is deemed complete on the 10th day after such mailing."   A true and correct copy

24    of the envelope is attached hereto as Exhibit B.  The address to which Plaintiff mailed a

25    copy of the summons and complaint is not Wasatch's address or principal place of

26    business. *See* Declaration of Russell Biles ("Biles Decl.") at ¶ 2.  Wasatch has therefore

27    not been served, formally or otherwise, with the summons and complaint in the State

28

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441(b) (DIVERSITY)

1   Court Action.  Plaintiff has not filed a proof of service with the Los Angeles Superior

2   Court.

3        3.    The removal period is triggered by service of process.  *Murphy Bros., Inc. v.*

4   *Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (service of process is the official

5   trigger for responsive action by a named defendant and receipt of the complaint by any

6   other means is not sufficient; thus, 30-day removal period began to run not when

7   defendant received faxed, file-stamped copy of complaint, but rather, when defendant

8   was later formally served).  Actual notice of the action is not itself a valid substitute for

9   proper service of process and will not confer jurisdiction over a defendant when there has

10  been a complete failure to comply with the statutory service of process requirements.

11  *American Express Centurion Bank v. Zara*, 199 Cal. App. 4th 383, 392 (2011).  This

12  removal is therefore timely in accordance with 28 U.S.C. § 1446 because the removal

13  period has not been triggered.

14       4.    On November 22, 2013, the Los Angeles Superior Court served on Plaintiff

15  in the State Court Action a Notice of Case Management Conference, a true and correct

16  copy of which is attached hereto as Exhibit C.

17       5.    On June 30, 2014, ALPS Distributors filed a stipulation extending the time

18  to respond to the State Court Complaint, a true and correct copy of which is attached

19  hereto as Exhibit D.

20       6.    On July 3, 2014, ALPS Distributors filed a case management conference

21  statement, a true and correct copy of which is attached hereto as Exhibit E.

22       7.    Defendant is informed and believes that Exhibit A, Exhibit B, Exhibit C,

23  Exhibit D, and Exhibit E constitute all of the pleadings, process and orders filed in the

24  State Court Action.

25       8.    All defendants consent to, concur with, and join in this removal.

26       9.    A defendant may remove a case from state court to federal court if the

27  federal court has original jurisdiction over the action.  28 U.S.C. §§ 1441, 1332.

28

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441(b) (DIVERSITY)

1    10.    Under 28 U.S.C. § 1332, a federal district court shall have original
2  jurisdiction over a civil action in which "the matter in controversy exceeds the sum or
3  value of $75,000, exclusive of interest and costs, and is between . . . citizens of different
4  States." 28 U.S.C. §§ 1332(a), (a)(1).  The State Court Action is a civil action over
5  which this United States District Court has original jurisdiction under 28 U.S.C. § 1332,
6  and is one which may be removed to this District Court by Wasatch pursuant to 28
7  U.S.C. § 1441(b), in that this is an action in which complete diversity exists between the
8  parties and the amount in controversy exceeds the jurisdictional minimum of $75,000.

9  **I.    Diversity of Citizenship.**

10    11.    Complete diversity of citizenship exists between Plaintiff and all properly-
11  joined defendants.  From the date of filing of the State Court Action to the present date at
12  which the Notice of Removal is filed, and during all relevant times herein, Plaintiff, on
13  the one hand, and Defendants, on the other hand, were and are citizens of different states,
14  as follows:

15    **A.    Citizenship of Plaintiff**

16    12.    A person is a citizen of the state in which he or she is domiciled.  *Bank One,*
17  *Texas, N.A. v. Montle*, 964 F.2d 48, 53 (1st Cir. 1992).

18    13.    As set forth in the Complaint, Plaintiff is an individual who is domiciled in
19  the County of Los Angeles in California.  *See* Exh. A (Complaint ¶ 1).

20    **B.    Citizenship of Defendants**

21    14.    For purposes of diversity jurisdiction, a corporation is a citizen of any state
22  where it is incorporated and of the state where it has its principal place of business.
23  *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F. 2d 1090, 1092 (9th Cir. 1990) (citing 28
24  U.S.C. § 1332(c)).  "In an effort to find a single, more uniform interpretation" of
25  "principal place of business," the United States Supreme Court recently held that
26  "principal place of business" is "best read as referring to the place where a corporation's
27  officers direct, control, and coordinate the corporation's activities."  In other words, the

28

"principal place of business" is "the place that Courts of Appeals have called the corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1184 (2010). "[I]n practice," it is "the place where the corporate maintains its headquarters . . . ." *Id.*

i.   **Citizenship of Wasatch**

15.   Wasatch is, and at the time of the filing of the State Court Action was, a business trust organized and existing under the laws of the State of Massachusetts with its principal place of business in Salt Lake City, Utah.  *See* Biles Decl. at ¶ 3.

16.   Wasatch maintains its headquarters in Salt Lake City, Utah, where its official corporate address and executive officers are located.  *See* Biles Decl. at ¶ 4.

17.   Furthermore, California is not the state where Wasatch has the majority of its employees, tangible property, or production activities.  *See* Biles Decl. at ¶ 5.

ii.   **Citizenship of ALPS Distributors**

18.   ALPS Distributors joins in this Notice of Removal.

19.   ALPS Distributors is, and at the time of the filing of the State Court Action was, a corporation organized and existing under the laws of the State of Colorado with its principal place of business in Colorado.  *See* Declaration of Brad Swenson (filed in support of ALPS Distributors' Joinder in and Consent to Removal) ("Swenson Decl."), ¶ 2.

20.   ALPS Distributors maintains its headquarters in Colorado, where its official corporate address and executive officers are located.  *See* Swenson Decl., ¶ 3.

21.   Furthermore, California is not the state where ALPS Distributors has the majority of its employees, tangible property, or production activities.  *See* Swenson Decl., ¶ 4.

22.   The other defendants named in Plaintiff's Complaint are merely fictitious parties identified as "Does 1 through 10" whose citizenship shall be disregarded for the purpose of removal.  28 U.S.C. § 1441(a).  Accordingly, there are no other named defendants to join Wasatch in this Notice of Removal.

23.   Because none of the Defendants is a citizen of California, there is complete diversity of citizenship between Plaintiff and Defendants.

24.   Diversity therefore exists between Plaintiff and Defendants.  28 U.S.C. § 1332(a).

**II.   Amount in Controversy.**

25.   Based upon Plaintiff's allegations and prayer for relief contained in his Complaint, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).  Plaintiff alleges he was "harmed in the amount of at least $500,000."  (Complaint ¶ 16.)

**III.   <u>Wasatch Has Satisfied All Requirements to Remove This Case on the Basis of Diversity Jurisdiction.</u>**

26.   Because this is a civil action in which Plaintiff and Defendants are citizens of different states, and because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), and this action may be removed to this Court under the provisions of 28 U.S.C. §§ 1441 and 1446.

27.   Venue lies in the United States District Court for the Central District of California (Western Division) pursuant to 28 U.S.C. §§ 1441 and 1391(b) because the State Court Action was filed in this District and this is the judicial district in which the action arose.  *See* 28 U.S.C. §§ 1441(a), 1391(a).

28.   Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being provided to all adverse parties and a copy of this Notice shall be filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

29.   No previous Notice of Removal has been filed in or made to this Court for the relief sought herein.

1    30.    By filing this Notice of Removal, Wasatch does not waive any of its rights,

2  denials, defenses or objections, including, but not limited to, any defects in service,

3  process or jurisdiction.

4    Wherefore, Wasatch requests that this Court assume full jurisdiction of the action

5  as provided by law.

6

7  DATED:  July 14, 2014                          DORSEY & WHITNEY LLP

8

9                                         By: _____

10                                          GREGORY M. SAYLIN

11                                          KATHERINE J. SANTON
                                            Attorneys for Defendant

12                                          WASATCH FUNDS TRUST

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441(b) (DIVERSITY)

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

ALPS DISTRIBUTORS, INC., a corporation; WASATCH FUNDS, a Utah entity of form unknown; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

RAYMOND JALLOW, an individual;

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 1 4 2013

John A. Clarke, Executive Officer/Clerk

By LA TRESE JOHNSON, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

The name and address of the court is:
(El nombre y dirección de la corte es:)  SUPERIOR COURT OF CALIFORNIA

CASE NUMBER:
(Número del Caso:)  BC 5 2 7 7 7 4

Stanley Mosk Courthouse
111 N. Hill Street Los Angeles CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)
Raffy Boulgourjian  SBN 195892  100 N. Brand Blvd Suite 200 Glendale CA 91203  818-476-0107

DATE:                                                    Clerk, by                                                    , Deputy
(Fecha)  NOV 1 4 2013                                  (Secretario)  L. JOHNSON                          (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)

[SEAL]

NOV 1 4 2013

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

   under: [ ] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)

          [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit A Page 9

RAFFY BOULGOURJIAN, Esq. (SBN 195892)
LAW OFFICES OF RAFFY BOULGOURJIAN
100 N. Brand Blvd., Suite 200
Glendale, CA 91203

Tel: 818 476-0107
Fax: 818 476-0110

Attorney for Plaintiff Raymond Jallow

**CONFORMED COPY**
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 1 4 2013

John A. Clarke, Executive Officer/Clerk

By LATRESE JOHNSON, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| RAYMOND JALLOW, an individual;<br> Plaintiff,<br><br>vs.<br><br>ALPS DISTRIBUTORS, INC., a corporation; WASATCH FUNDS, a Utah entity of form unknown; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. BC 527 774<br><br>UNLIMITED JURISDICTION<br><br>COMPLAINT FOR BREACH OF FIDUCIARY DUTY |

Comes now Plaintiff Raymond Jallow complains and alleges as follows:

1.    At all times mentioned herein Plaintiff Raymond Jallow resides in the County of Los Angeles.

2.    Defendant ALPS Distributors, Inc. is a Colorado corporation authorized to do business in the State of California.

---

**COMPLAINT FOR BREACH OF FIDUCIARY DUTY**                              1

Exhibit A Page 10

3.     Defendant Wasatch Funds is a Utah entity of form unknown authorized to do business in the State of California.

4.     At all times mentioned herein each Defendant named in the caption of this Complaint, which is thereby incorporated herein by this reference as though set forth in full, was and is the agent, servant and employee of each Defendant, and all of the things alleged to have been done by said defendant was done in the capacity, scope and course of said agency, servitude and employment.

5.     The true names and capacities, whether individual, corporate, associate or otherwise of defendants DOES 1 through 10, inclusive are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as a fictitious named defendants are in some manner responsible for the events and occurrences herein referred to, either contractually or tortuously, and caused the damage to the Plaintiff as herein alleged. When Plaintiff ascertains the true names and capacities of DOES 1 through 10, inclusive, it will amend this Complaint accordingly.

## GENERAL ALLEGATIONS

6.     On information and belief, Defendant ALPS Distributors, Inc. is in the business of servicing mutual funds.  Plaintiff has been an investor in one of these mutual funds, the Defendants Wasatch Fund, for approximately ten years and has invested in six funds.

7.     On October 15, 2012, Plaintiff was contacted by Defendant's employee, Samantha Douglas and was advised that Defendant was served with a Notice of Levy by the Internal Revenue Service, agent Kevin Stallings, with respect to Plaintiff's Wasatch mutual funds. Ms. Douglas advised Plaintiff to contact and make arrangements with the IRS to prevent any action by Defendant to interfere with Plaintiff's accounts.  Ms. Douglas provided Mr. Stallings' direct contact information.

Exhibit A Page 11

8.     Plaintiff and his accountant contacted Mr. Stallings who agreed to postpone any levy action because Plaintiff demonstrated that he owed no money to the IRS.  In fact, Plaintiff was owed tax refunds by the IRS.

9.     On November 14, 2012, Plaintiff received a letter from Defendant, dated November 5, 2012, showing that Plaintiff had zero balances in his Wasatch mutual fund accounts, which previously totaled $528,000.

10.     Upon receiving this notification, Plaintiff contacted Defendant and was informed that each of his investment accounts in the Wasatch Fund were, unnecessarily and without notice, liquidated on November 5 and all monies were sent to the US Treasury Department.

11.     Plaintiff was harmed by Defendant's breach of the fiduciary duty to use reasonable care.  As a result, Plaintiff has lost the entire principal of his investment portfolio, his anticipated returns, and will be immediately liable for paying long-term capital gain taxes due to the liquidation of one of the Wasatch funds.

## FIRST CAUSE OF ACTION

### (BREACH OF FIDUCIARY DUTY)

### (Against Defendants And Does 1 through 10)

12.     Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraph 1-10 above as fully set forth herein.

13.     Defendants Wasatch and ALPS were Plaintiff's authorized mutual fund manager and servicor respectively.  Defendants were retained to invest and to service the principal amount of Plaintiff's investments.  Defendants were Plaintiff's fiduciaries and Defendants had dominion and control over Plaintiff's investments.

14.     Defendants managed Plaintiff's principal investment in the Wasatch funds.  Defendant was entrusted not to liquidate the principal amount, to take any unauthorized action, or otherwise disturb the amount in the mutual fund investment accounts.

Exhibit _A_ Page _12_

15.     Upon receiving a Notice of Levy from the IRS in October 2012, Defendants did contact and urge Plaintiff to make arrangements with the IRS regarding its Notice of Levy so that Defendants would not be placed in a position to interfere with Plaintiff's mutual fund accounts. Defendants even went so far as to provide Plaintiff with the contact information of the IRS agent. Taking Defendant's advice, Plaintiff did contact the IRS in late 2012, and not only made arrangements regarding the levy, but indeed demonstrated to the IRS agent that there was no basis for the levy in the first instances. Nonetheless, despite advising Plaintiff to contact the IRS, Defendants failed to contact Plaintiff or IRS Agent Kevin Stallings to determine whether Plaintiff had contacted the IRS and made arrangements, as Defendants had urged. Defendants failed to act as a reasonably careful mutual fund servicer would have acted under the same or similar circumstances by failing to contact Plaintiff or IRS Agent Stallings, and instead, made the unilateral decision to liquidate Plaintiff's mutual funds in their entirety within a month.

16.     Plaintiff was harmed in the amount of at least $500,000 which represents the principal amount of the liquidated funds, loss of investment returns, and tax liability resulting from Defendants' decision to unilaterally liquidate Plaintiff's mutual funds that would not have otherwise been incurred. Defendants' conduct was a substantial factor, if not the only factor, in the harm done to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1.     For general and special damages;

2.     For reasonable attorney fees incurred in this action according to proof at trial;

3.     For prejudgment and post judgment interest;

4.     For cost of suit incurred herein; and

5.     For such other relief as the Court may deem just and proper.

DATED: November 14, 2013                    LAW OFFICE OF RAFFY BOULGOURJIAN

BY: _____

RAFFY BOULGOURJIAN, ESQ.
Attorney for Plaintiff

---

**COMPLAINT FOR BREACH OF FIDUCIARY DUTY**                                    4

Exhibit _A_ Page _13_

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE (NON-CLASS ACTION)**

Case Number  BC 5 2 7 7 4

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Michael Johnson | 56 | 514 |
| Hon. Terry A. Green | 14 | 300 | Hon Rolf M. Treu | 58 | 516 |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Rita Miller | 16 | 306 | Hon. Mark Mooney | 68 | 617 |
| Hon. Richard E. Rico | 17 | 309 | Hon. William F. Fahey | 69 | 621 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Yvette M. Palazuelos | 28 | 318 | | | |
| Hon. Barbara Scheper | 30 | 400 | | | |
| Hon. Mary H. Strobel | 32 | 406 | **Hon. Emilie H. Elias** | **324** | **CCW** |
| Hon. Michael P. Linfield | 34 | 408 | **Hon. Elihu M. Berle\*** | **323** | **CCW** |
| Hon. Maureen Duffy-Lewis | 38 | 412 | OTHER | | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | |
| Hon. Mel Red Recana | 45 | 529 | | | |
| Hon. Debre Katz Weintraub | 47 | 507 | | | |
| Hon. Elizabeth Allen White | 48 | 506 | | | |
| Hon. Deirdre Hill | 49 | 509 | | | |
| Hon. John L. Segal | 50 | 508 | | | |
| Hon. Abraham Khan | 51 | 511 | | | |
| Hon. Susan Bryant-Deason | 52 | 510 | | | |
| Hon. Steven J. Kleifield | 53 | 513 | | | |
| Hon. Ernest M. Hiroshige | 54 | 512 | | | |

**\*Complex**
All cases designated as complex (other than class actions) are initially assigned to Judge Elihu M. Berle in Department 323 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____ NOV 14 2013 _____

SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev09/13)
LASC Approved 05-06
For Optional Use

NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE

Page 1 of 2

Exhibit A Page 14

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994.  They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev09/13)
LASC Approved  05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

Page 2 of 2

Exhibit _A_ Page _15_

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

Exhibit _A_ Page _16_

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):      FAX NO. (Optional): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

Exhibit *A* Page *17*

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

_(INSERT DATE)_ _(INSERT DATE)_

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____         ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)

Date:

_____         ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____         ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____         ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____         ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date:

_____         ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date:

_____         ➤ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Exhibit A Page 18

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

Exhibit _A_ Page _19_

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court. .

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

Exhibit _A_ Page _20_

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Exhibit _A_  Page _21_

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:  FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Exhibit _A_ Page _22_

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

Exhibit _A_ Page _23_

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____          _____
                                                              JUDICIAL OFFICER

Exhibit _A_ Page _24_

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | CONFORMED COPY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Raffy Boulgourjian                          SBN 195892
Law Office of Raffy Boulgourjian
100 N. Brand Blvd., Suite 200
Glendale, CA 91203
   TELEPHONE NO.: 818-476-0107    FAX NO.: 818-476-0110
ATTORNEY FOR (Name): Plaintiff

**CONFORMED COPY**
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 14 2013

John A. Clarke, Executive Officer/Clerk

By LA TRESE JOHNSON, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
   STREET ADDRESS: 111 N. Hill Street
   MAILING ADDRESS: same
   CITY AND ZIP CODE: Los Angeles CA 90012
   BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Jallow, an individual v. ALPS DISTRIBUTORS, INC., et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | BC 527774 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[✓] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties         d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                 in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence            f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [ ] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify):  1
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 11/14/2013
Raffy Boulgourjian                                              ▶  _[signature]_
   (TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

Exhibit A Page 25

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

Exhibit *A* Page 26

| SHORT TITLE: Jallow, an individual v. ALPS DISTRIBUTORS, INC., et al | CASE NUMBER: BC 527774 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 1   ☐ HOURS/ ☐ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Exhibit 4  Page 21

| SHORT TITLE: Jallow, an individual v. ALPS DISTRIBUTORS, INC., et al | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☑ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

Exhibit *A* Page *28*

| SHORT TITLE: Jallow, an individual v. ALPS DISTRIBUTORS, INC., et al | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

Exhibit *A* Page 29

| SHORT TITLE: Jallow, an individual v. ALPS DISTRIBUTORS, INC., et al | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: 2530 Park Oak Court |
|---|---|
| ☑1. ☑2. ☐3. ☐4. ☑5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90068 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Los Angeles___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___11/14/2013___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

Exhibit _A_ Page 30

# EXHIBIT B

Exhibit _B_ Page _31_

RREIVED 5/8/14
-JOB

CERTIFIED MAIL

RETURN RECEIPT
REQUESTED

7010 2780 0002 4687 2828

WASATCH FUNDS
803 W. MICHIGAN ST., SUITE 'A',
MILWAUKEE, WI 53233-2301



U.S. POSTAGE
PAID
TUJUNGA CA
91042
MAY 05-14
AMOUNT

$7.82
00085221-06

Exhibit _B_ Page _32_

# EXHIBIT C

Exhibit _C_ Page _33_

38

NOTICE SENT TO:

Boulgourjian, Raffy, Esq.
Law Offices of Raffy Boulgourjian
100 N. Brand Blvd., Suite 200
Glendale            CA   91203

**FILED**
Superior Court of California
County of Los Angeles

**NOV 22 2013**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
R. Lomeli

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| RAYMOND JALLOW | CASE NUMBER |
| Plaintiff(s), | BC527774 |
| VS. | |
| ALPS DISTRIBUTORS INC ET AL | **NOTICE OF CASE** |
| Defendant(s). | **MANAGEMENT CONFERENCE** |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for _March 14, 2014_ at _8:30 am_ in _Dept. 38_ at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:**    **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: _November 22, 2013_

_Maureen Duffy-Lewis_
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[  ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.
Date: _November 22, 2013_

Sherri R. Carter, Executive Officer/Clerk

by _____, Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

Exhibit _C_ Page 34

# EXHIBIT D

38

# ORIGINAL

1   CHARLES E. PATTERSON (BAR NO. 120081)
    CPatterson@mofo.com

REC'D

2   JOHANNA E. SHEEHE (BAR NO. 284649)
    JSheehe@mofo.com

JUN 19 2014

3   MORRISON & FOERSTER LLP
    707 Wilshire Boulevard, Suite 6000

FILING WINDOW

**FILED**

4   Los Angeles, CA 90017-3543
    Telephone: 213.892.5200

Superior Court of California
County of Los Angeles

5   Facsimile: 213.892.5454

**JUN 3 0 2014**

6   Attorneys for Defendant
    ALPS DISTRIBUTORS, INC.

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
    Robert R. Alva

7

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9             FOR THE COUNTY OF LOS ANGELES

10

11   RAYMOND JALLOW, an individual,       Case No. BC527774

12           Plaintiff,        **STIPULATION TO EXTEND TIME
FOR RESPONSE TO COMPLAINT**

13       v.               **AND ███████ ORDER**

14   ALPS DISTRIBUTORS, INC., a corporation;
    WASATCH FUNDS, a Utah entity of form

15   unknown; and DOES 1 through 10, inclusive,   Department: 38
                              Judge: Maureen Duffy-Lewis

16         Defendants.      Action Filed: November 14, 2013

17                             Trial Date: None Set

18

19

20

21

22

23

24

25

26

27

28

la-1254658

Exhibit D Page 36

CIT/CASE:            BC527774
LEA/DEF#:

RECEIPT #: CCH50005T015
DATE PAID: 06/20/14 08:19 AM
PAYMENT: $20.00     310
RECEIVED:
    CHECK:       $20.00
    CASH:        $0.00
    CHANGE:     $0.00
    CARD:        $0.00

1       This Stipulation is entered into by and between Plaintiff Raymond Jallow, Defendant

2   ALPS Distributors, Inc., and Defendant Wasatch Funds (the "Parties"), by and through their

3   counsel of record.

4       1.    WHEREAS, Plaintiff Raymond Jallow filed his Complaint on November 14,

5   2013;

6       2.    WHEREAS, Defendant ALPS Distributors, Inc. was served with the summons

7   and Complaint on May 6, 2014 and was required to file a responsive pleading on or before June

8   6, 2014;

9       3.    WHEREAS, the Parties dispute as to whether Wasatch Funds was served with the

10   Summons and Complaint, though in an abundance of caution Wasatch Funds desires to join this

11   stipulation;

12       3.    WHEREAS, the Parties jointly stipulated to a 15-day extension of time for

13   Defendant ALPS Distributors, Inc. to respond to the Complaint pursuant to Rule 3.110(d);

14       4.    WHEREAS, Defendant ALPS Distributors, Inc.'s current deadline to respond to

15   the Complaint is June 20, 2014;

16       5.    WHEREAS, the Parties are working together to resolve this matter without the

17   Court's intervention;

18       6.    WHEREAS, the Parties have agreed that the deadline for Defendant ALPS

19   Distributors, Inc. and Defendant Wasatch to respond to the Complaint should be extended by 30-

20   days;

21       THE PARTIES HEREBY STIPULATE that Defendant ALPS Distributors, Inc. and

22   Defendant Wasatch shall have through and including July 21, 2014 to file and serve their

23   responsive pleadings in this matter.

24       THE PARTIES FURTHER STIPULATE that nothing herein shall be deemed a waiver

25   by Defendants, or either of them, as to any objections or defenses including without limitation as

26   to the service of the summons and complaint by Plaintiff herein, that all such objections or

27   defenses are reserved, and that Wasatch Funds does not make a general appearance hereby.

28       IT IS SO AGREED AND STIPULATED:

2<br>STIPULATION

la-1254658

1

2

3   Dated: June _18_, 2014

4

5

6

7   Dated: June _19_, 2014

8

9

10

11   Dated: June _19_, 2014

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
RAFFY BOULGOURJIAN

By
   Raffy Boulgourjian
*Attorneys for Plaintiff*
*Raymond Jallow*

MORRISON & FOERSTER LLP

By
   Johanna E. Sheehe
*Attorneys for Defendant*
*ALPS Distributors, Inc.*

DORSEY & WHITNEY LLP

By
   Gregory M. Saylin
*Attorneys for Defendant*
*Wasatch Funds*
(Special Appearance)

3
STIPULATION

la-1254658

Exhibit _D_   Page _38_

1

███████ ORDER

2        Good cause appearing before it, IT IS HEREBY ORDERED:

3        Defendant ALPS Distributors, Inc. and Defendant Wasatch Funds shall have through and

4   including July 21, 2014 to file and serve their responsive pleadings in this matter.

5

6   Dated: 6-30-14

7                             Honorable Maureen Duffy-Lewis
                                  California Superior Court Judge,
                                  County of Los Angles

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

la-1254658

Exhibit D Page 39

**PROOF OF SERVICE BY MAIL**
(Code Civ. Proc. secs. 1013(a), 2015.5)

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 707 Wilshire Boulevard, Suite 6000, Los Angeles, California 90017-3543; I am not a party to the within cause; I am over the age of eighteen years and I am readily familiar with Morrison & Foerster's practice for collection and processing of correspondence for mailing with the United States Postal Service and know that in the ordinary course of Morrison & Foerster's business practice the document described below will be deposited with the United States Postal Service on the same date that it is placed at Morrison & Foerster with postage thereon fully prepaid for collection and mailing.

I further declare that on June 19, 2014, I served a copy of:

**STIPULATION TO EXTEND TIME FOR RESPONSE TO COMPLAINT AND [PROPOSED] ORDER**

on the following by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and mailing at Morrison & Foerster LLP, 707 Wilshire Boulevard, Suite 6000, Los Angeles, California 90017-3543, in accordance with Morrison & Foerster's ordinary business practices:

Raffy Boulgourjian, Esq.
Law Offices of Raffy Boulgourjian
100 North Brand Boulevard
Suite 200
Glendale, CA 91203

Gregory M. Saylin, Esq.
Dorsey & Whitney LLP
Kearns Building
136 South Main Street
Suite 1000
Salt Lake City, UT 84101-1685

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed at Los Angeles, California, this 19th day of June, 2014.

_____
Alicia C. Vargas

la-1254986

Proof of Service

# EXHIBIT E

CM-110

**ORIGINAL**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Charles E. Patterson (Bar No. 120081); Johanna Sheehe (Bar No. 284649)
Morrison & Foerster LLP
707 Wilshire Blvd, Suite 6000, Los Angeles CA 90017
TELEPHONE NO.: 213.892.5200          FAX NO. (Optional):
E-MAIL ADDRESS (Optional): CPatterson@mofo.com;JSheehe@mofo.com
ATTORNEY FOR (Name): (specially appearing) ALPS Distributors, Inc.

**FOR COURT USE ONLY**

**FILED**
Superior Court of California
County of Los Angeles

JUL 0 3 2014

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Raul Sanchez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles
BRANCH NAME: Stanley Mosk

PLAINTIFF/PETITIONER: Raymond Jallow

DEFENDANT/RESPONDENT: (specially appearing)ALPS Distributors, Inc.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  ☑ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | BC527774 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: July 8, 2014          Time: 8:30 am          Dept.: 38          Div.:          Room:

Address of court (if different from the address above):

☐ Notice of Intent to Appear by Telephone, by (name):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. ☑ This statement is submitted by party (name):  ALPS Distributors, Inc.
   b. ☐ This statement is submitted **jointly** by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in ☑ complaint   ☐ cross-complaint   (Describe, including causes of action):
      Please see Attachment 4(b)

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 1 of 5

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

Exhibit E Page 42

| PLAINTIFF/PETITIONER: Raymond Jallow | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: (specially appearing)ALPS Distributors, Inc. | BC527774 |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

   Please see Attachment 4(b)

   ☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
   The party or parties request   ☐ a jury trial   ☑ a nonjury trial.        *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
   a.   ☐   The trial has been set for *(date):*
   b.   ☑   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a.   ☑ days *(specify number):* 1 trial day
   b.   ☐ hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial   ☑   by the attorney or party listed in the caption   ☐ by the following:
   a.   Attorney:
   b.   Firm:
   c.   Address:
   d.   Telephone number:                                            f.   Fax number:
   e.   E-mail address:                                               g.   Party represented:
   ☐   Additional representation is described in Attachment 8.

9.   **Preference**
   ☐   This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**
   a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

      (1)   For parties represented by counsel: Counsel ☐ has  ☑ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

      (2)   For self-represented parties: Party ☐ has   ☐ has not  reviewed the ADR information package identified in rule 3.221.

   b.   **Referral to judicial arbitration or civil action mediation** (if available).

      (1)   ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

      (2)   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

      (3)   ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

Exhibit *E* Page 43

CM-110

| PLAINTIFF/PETITIONER: Raymond Jallow | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: (specially appearing)ALPS Distributors, Inc. | BC527774 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

|  | The party or parties completing this form **are willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

Exhibit _E_ Page _44_

CM-110

| PLAINTIFF/PETITIONER: Raymond Jallow | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: (specially appearing)ALPS Distributors, Inc. | BC527774 |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):* N/A
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*
        N/A

**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
        ☐ Bankruptcy ☐ Other *(specify):*
   Status: N/A

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
        ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
        ☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
        Please see Attachment 15.

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*
        Party                    Description                              Date

   Please see Attachment 16.

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

---

CM-110 [Rev. July 1, 2011]                    **CASE MANAGEMENT STATEMENT**                    Page 4 of 5

Exhibit E Page 45



CM-110

| PLAINTIFF/PETITIONER: | Raymond Jallow | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | (specially appearing)ALPS Distributors, Inc. | BC527774 |

### 17. Economic litigation

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (*if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case*):

### 18. Other issues

☐ The party or parties request that the following additional matters be considered or determined at the case management conference (*specify*):

### 19. Meet and confer

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (*if not, explain*):
   Please see Attachment 19(a).

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (*specify*):

### 20. Total number of pages attached (*if any*): 4

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: July 3, 2014

Johanna E. Sheehe
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

Exhibit E Page 46

## Attachment 4(b)

Plaintiff Raymond Jallow brings this action for alleged breach of fiduciary duty against ALPS Distributors, Inc. and Wasatch Funds.  Plaintiff alleges that ALPS Distributors, Inc. ("ALPS") was Plaintiff's authorized mutual fund servicer and that it breached its fiduciary duty to Plaintiff by liquidating his mutual fund accounts upon receiving a Notice of Levy from the IRS, despite an agreement Plaintiff made with the IRS to postpone any levy action.  Plaintiff seeks damages, attorney fees, costs, and prejudgment and post judgment interest.

As ALPS explained to Plaintiff's counsel on May 19, it was improperly named as a Defendant in this lawsuit.

First, ALPS is a distributor for Wasatch Funds ("Wasatch").  ALPS has no relationship with shareholders of the Wasatch, no contracts with Wasatch's clients and had no contact with Plaintiff Raymond Jallow.

Second, the person identified at paragraph seven of Plaintiff's complaint, Samantha Douglas, is not and has never been an employee of ALPS Distributors, Inc.  Moreover, ALPS has never had any contact with the IRS regarding Plaintiff.

ALPS and Plaintiff continue to work together to resolve this matter promptly, without burdening the Court.

la-1256460

Exhibit _E_ Page _47_

## Attachment 15

ALPS explained to Plaintiff's counsel on May 19 that it was improperly named in this lawsuit. ALPS and Plaintiff continue to work together to resolve this matter promptly, without burdening the Court.  If the parties' efforts are unsuccessful ALPS will demurrer to the Complaint.

Defendant reserves the right to notify the Court of any additional motions that may need to be filed as the case progresses.

la-1256460

## Attachment 16

ALPS and Plaintiff have exchanged no written discovery and have not discussed a discovery schedule.

ALPS explained to Plaintiff's counsel on May 19 that it was improperly named in this lawsuit. ALPS and Plaintiff continue to work together to resolve this matter promptly, without burdening the Court and without engaging in the discovery process.

la-1256460

### Attachment 19(a)

ALPS explained to Plaintiff's counsel on May 19 that it was improperly named in this lawsuit. ALPS and Plaintiff's counsel have met and conferred to discuss the resolution of this matter promptly, without burdening the Court and without engaging in the discovery process.

Accordingly, the parties have discussed items (1) - (6) of California Rule of Court 3.724. The parties have not met and conferred regarding of California Rule of Court 3.724 items (7) and (8) as they anticipate that this matter will be resolved without engaging in discovery and burdening the Court.

la-1256460

Exhibit _E_  Page _50_

**PROOF OF SERVICE BY MAIL**
(Code Civ. Proc. secs. 1013(a), 2015.5)

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 707 Wilshire Boulevard, Suite 6000, Los Angeles, California 90017-3543; I am not a party to the within cause; I am over the age of eighteen years and I am readily familiar with Morrison & Foerster's practice for collection and processing of correspondence for mailing with the United States Postal Service and know that in the ordinary course of Morrison & Foerster's business practice the document described below will be deposited with the United States Postal Service on the same date that it is placed at Morrison & Foerster with postage thereon fully prepaid for collection and mailing.

I further declare that on July 3, 2014, I served a copy of:

**CASE MANAGEMENT STATEMENT**

on the following by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and mailing at Morrison & Foerster LLP, 707 Wilshire Boulevard, Suite 6000, Los Angeles, California 90017-3543, in accordance with Morrison & Foerster's ordinary business practices:

Raffy Boulgourjian, Esq.
Law Offices of Raffy Boulgourjian
100 North Brand Boulevard
Suite 200
Glendale, CA 91203

Gregory M. Saylin, Esq.
Dorsey & Whitney LLP
Kearns Building
136 South Main Street
Suite 1000
Salt Lake City, UT 84101-1685

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed at Los Angeles, California, this 3rd day of July, 2014.

_Dawn D. Millner_
Dawn D. Millner

la-1254986

Exhibit E Page 51

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Costa Mesa, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 600 Anton Boulevard, Suite 2000, Costa Mesa, California 92626. On July 15, 2014, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED:      **NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441(b) (DIVERSITY)**

SERVED UPON:             **SEE ATTACHED SERVICE LIST**

☐  (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☐  (BY PERSONAL SERVICE) I delivered to an authorized courier or driver authorized by Orange County Corporate Courier to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

☒  (BY FEDERAL EXPRESS) I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☐  (BY FACSIMILE) The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error. Pursuant to C.R.C. 2009(i), I caused the transmitting facsimile machine to issue properly a transmission report, a copy of which is attached to this Declaration.

☐  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒  (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on July 15, 2014, at Costa Mesa, California.

_Sandi Dickerson_
Sandi Dickerson

## SERVICE LIST

1

2    Charles E. Patterson
     Johanna E. Sheehe
3    Morrison & Foerster LLP
     707 Wilshire Boulevard, Suite 6000
4    Los Angeles, CA 90017
     Telephone: (213) 892-5200
5    *Attorney for Defendant ALPS Distributors, Inc.*

6    Raffy Boulgourjian
     Law Offices of Raffy Boulgourjian
7    100 North Brand Boulevard
     Suite 200
8    Glendale, CA 91203
     Telephone: (818) 476-0107
     *Attorney for Plaintiff Raymond Jallow*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28